[No. 6,787.—Department One.]

## THOMAS CUMENS *v.* DANIEL CYPHERS.

PRE-EMPTION.—Section 2261 of the Revised Statutes of the United States does not prohibit a pre-emptor from filing a second declaration of intention to pre-empt the same tract of land described in a former declaration, when by reason of defects or other reason the first declaratory statement has become unavailing, and there have intervened no rights of third persons.

APPEAL from a judgment for the defendant, in the Eighth District Court, County of Humboldt.

*S. M. Buck,* for Appellant.

*J. D. H. Chamberlain,* for Respondent.

Ross, J.:

In this case, the Court below sustained a demurrer to the complaint, the plaintiff declined to amend, and thereupon final judgment was entered for the defendant, from which the plaintiff appeals. It appears from the averments of the complaint, that on the 22d of August, 1870, the land in controversy was unoffered surveyed public land of the United States, subject to be settled upon and pre-empted under the United States pre-emp-

tion laws. On that day, the plaintiff, being at the time and ever since, a qualified pre-emptor, settled upon the land with the intention of acquiring the title to it from the Government, and accordingly, on the same day, filed in the proper land office his declaratory statement thereof in due form. He erected a dwelling-house on the land, and cultivated and improved it. On the 25th of July, 1871, he, with the consent and approval of the proper land officers, transmuted his declaratory statement into a homestead entry.

May 23rd, 1876, the homestead entry was canceled by the Secretary of the Interior. On the 7th of June thereafter, the plaintiff filed a second declaratory statement in the land office for the same land, setting forth that he was a citizen of the United States, the head of a family, and over twenty-one years of age, and did, on the 22d day of August, 1870, settle upon and improve the said land, and that he intended to pre-empt it under the pre-emption laws. On the same day, he took his family upon the land, and they have continued to reside there, in the dwelling-house theretofore erected by him, ever since, and the plaintiff has ever since continuously cultivated and improved the land.

On or about the 10th day of September, 1876, the plaintiff was cited to appear, and did appear before the register and receiver of the land office, at the instance of one Johnson, to contest the right with the latter to pre-empt the said land. Upon the hearing of the contest, the plaintiff made the required proof to the satisfaction of the register and receiver, who thereupon decided that the plaintiff was entitled to pre-empt it. On appeal to the commissioner of the general land office, and subsequently to the Secretary of the Interior, those officials reversed the decision of the register and receiver, on the sole ground that the second declaratory statement filed by the plaintiff was illegal and void, by reason of § 2261 of the Revised Statutes of the United States.

Johnson never made any settlement or residence upon the land, and with full knowledge of all the facts above mentioned, the defendant, about January, 1878, purchased from Johnson whatever right the latter had to pre-empt the land or to possess it; in consideration of which, Johnson, at defendant's request,

filed with the register and receiver his written abandonment. Thereafter, on or about the 28th of January, 1878, the defendant applied to the register to enter the land as a homestead, under the homestead laws of the United States, which application the register allowed; and afterward, to wit, August 21st, 1878, the defendant was allowed to make proof and payment, and on the 30th of December of the same year received from the Government a patent, conveying to him the legal title to the property.

The complaint further charges, "that on July 15th, 1878, plaintiff made due and legal proof to the satisfaction of said register of said land office for the purpose of pre-empting said land, showing that plaintiff was, at all the times herein before mentioned, over twenty-one years of age, and the head of a family, a native-born citizen of the United States, and that plaintiff had not left his own land to settle upon said land, and was not the owner of 320 acres of land in any State or Territory of the United States; that said land was agricultural and not mineral. The plaintiff settled upon said land long before May 4th, 1876, and erected a substantial and comfortable dwelling-house, and other buildings thereon, and otherwise improved and cultivated said land, and has continuously and in good faith resided thereon with his family since April, 1876, with the intent and expectation of pre-empting said land; that plaintiff's improvements upon said land, made and done by him as aforesaid, were of the value of about eight hundred dollars. And he then and there tendered to the proper receiver of said land office two hundred dollars in gold coin, in payment of the price of said land under the pre-emption laws of the United States; that plaintiff had never filed a pre-emptory declaratory statement on any land, except the land herein before described, and had never mortgaged, sold, or abandoned the same." That the proof was rejected, and the plaintiff held not entitled to pre-empt the land, solely on the ground that the second declaratory statement filed by plaintiff was illegal and void, which the plaintiff alleges was an erroneous construction of² law by the officers of the land office, but for which alleged mistake of law, it is averred, the plaintiff would have been allowed to pre-empt the land, and the defendant would not have been allowed to enter

it. The plaintiff therefore asks that the defendant be decreed to hold the legal title conveyed to him by the patent in trust for, and that he be compelled to transfer it to, the plaintiff, etc.

The only point made by either of the counsel in the case is as to whether the second declaratory statement filed by the plaintiff was prohibited by the laws of Congress—the defendant contending, as was held by the commissioner of the general land office and the Secretary of the Interior, that it was prohibited by § 2261 of the Revised Statues of the United States, and that it was therefore illegal and void.

That section is as follows: "No person shall be entitled to more than one pre-emption right, by virtue of the provisions of § 2259; nor where a party has filed his declaration of intention to claim the benefits of such provisions, for one tract of land, shall he file, at any future time, a second declaration for another tract."

We do not understand this section as prohibiting the filing of a second declaratory statement for the *same* land, when, by reason of defects or any other reason, the first declaratory statement has become unavailing, and there have intervened no rights of any third party. The section in question contains two prohibitions. The first is, that "no person shall be entitled to more than one pre-emption right, by virtue of the provisions of § 2259."

It is contended, on behalf of the respondent, that by this is meant, that where a person has once filed a declaratory statement for one tract of land, he shall never afterwards file another statement for the same or any other tract. If this be the meaning of the first prohibition contained in the section, it is plain there was no occasion for the *second* found in it; for the first, under this construction, would effectually accomplish the same end. But Congress could not have meant this when it said that "no person shall be entitled to more than one preemptive right, by virtue of the provisions of § 2259"; for in the same section it proceeded to make provisions for such a case, in these words: "Nor where a party has filed his declaration of intention to claim the benefit of such provisions, for one tract of land, shall he file at any future time a second declaration for another tract."

In our opinion, the meaning of the section in question is very plain. By its first clause, Congress intended to declare, and did in effect declare, that no person shall be entitled to enter with the register, and thus acquire from the Government under the pre-emption laws, more than one tract of land. This is what we understand is meant by the declaration, that no person shall be entitled to more than one " pre-emptive right," by virtue of the provisions of § 2259. But it had been found by experience, that this prohibition alone was not sufficient to protect the Government from imposition; so Congress added another: " Nor where a party has filed his declaration of intention to claim the benefits of such provisions, for one tract of land, shall he file at any future time a second declaration for another tract."

The abuses intended to be remedied by this last provision, the substance of which was also embodied in the Act of 1843, were pointed out by the Supreme Court of the United States in the case of *Johnson* v. *Towsley*, 13 Wall. 89. It cannot be said that the reasons that existed for prohibiting a party who had once filed a declaratory statement for one tract, from afterwards filing a second statement for *another* tract, existed in a case where the party, for any reason, should desire to file a second statement for the *same* tract, in the absence of the interposition of any rights on the part of any third person. At all events, we find no prohibition in the statute in the last-mentioned case; and as the case at bar, as presented here, has been made to turn on this point, we must reverse the judgment, with directions to the Court below to overrule the demurrer to the complaint.

So ordered.

McKINSTRY, J., and McKEE, J., concurred.